The event of Highway Patrol Trooper Rick McLellan brought to action under 1983 alleged he was terminated and for dishonesty, not for a statement made in his capacity as a Highway Patrol Trooper, but rather as the president of the association. The case proceeded to the summary judgment. Yes, First Amendment retaliation. He was fired for speech made in a private capacity as the president of the association on a matter of public concern. The district court never reached the merits of those allegations. Instead, disposing of the case on the basis of the claim preclusion because Trooper McLellan had been unsuccessful in his due process hearing, which the 14th Amendment was required to provide to him because he had a property interest in his employment. Am I correct in recalling that the district court did not do an issue preclusion analysis? That is correct. If we were to send the case back, there might well be an issue preclusion analysis. That is correct. What happened was we very clearly briefed this circuit's decision in Diaz v. Aliki, which states that the decisions of Nevada State Hearing Officers under NRS 284390 are not entitled to proclusive effect because the standard of proof utilized in such proceedings was below a preponderance of the evidence standard. It was a substantial evidence standard, which was less than a preponderance. The district court sought to circumvent that decision in Diaz v. Aliki by saying, I'm deciding it under claim preclusion, and claim preclusion, unlike issue preclusion, cannot be defeated. So focus on claim preclusion for a second, and focus on the, and I think it was the director, the director at the time the events took place, not the director who later sued in this official capacity. With respect to the director at the time the events took place, why isn't there claim preclusion in his official capacity? In his official capacity suit, I believe that if there, if claim preclusion would apply, I believe official capacity suit would be precluded because the individual capacity suits, clearly the other circuits have held the circuit hasn't been specific. No, I'm just asking about official capacity suit. Do you concede that with respect to a suit against that? If claim preclusion were to apply, I would have to concede, arguably, that the official capacity suit. I'm asking you a real question. Yeah. When I say arguably, I say arguably because I can't think of a reason that would stop it from being applied to the official capacity suit. One is not coming to my head. Well, as a practical matter, and again, this is just, we're not asking you to concede anything in terms of your legal possession, but if we were to include that the official capacity claim is precluded, but the individual capacity claims are not, what difference does it make to your client? In practical terms. In practical terms, you would be able to sue for damages if the individual claims went forward. Correct. That's why I'm saying if, so what I'm trying to understand is your position with respect to the liability of your claims. The only thing that would be precluded if the official capacity claim, with only one barred, you wouldn't have the injunctive relief. Correct. But you would still have the damages. Correct. However, and now let's focus on that for a second because with respect to the injunctive relief, which is getting the job done, correct? Correct. Isn't that precisely the topic of the administrative proceedings in the state court? It is, and that's why I say if claim preclusion were to apply, I would think I would have to concede that that case would have to be barred. Why wouldn't claim preclusion apply to the reinstatement proceedings? Because you have the ability to go to state court after the administrative proceedings. Claim preclusion would not apply because in order for claim preclusion to apply, and this was the flaw in the district court's analysis, that claim preclusion cannot be defeated by a change in the standard of proof. If that rationale applies as long as the standard of proof is preponderance or higher, then you cannot defeat it with a change in the standard. However, for claim preclusion to apply under Utah, United States versus Utah construction and mining, one of the elements of claim preclusion is that there must be a full and fair opportunity to litigate, and this circuit has held, as other circuits have held, when some aspect of due process is missing such that there is not a full and fair opportunity to litigate, then even claim preclusion doesn't apply. Well, I understand your argument that the burden of proof was standard, where the standard of proof was different, but is there any case that says that that so violates due process that it's not a fair ability to litigate? Yes, because one of the things this- What case? The Surrey versus State Chiropractic Court from the Nevada Supreme Court, which was decided after summary judgment was decided in this case. It doesn't say as much as what- In my view, I don't see it saying as much as you're wanting it to say that it's a violation of due process. Yes, it says- The Surrey versus State Chiropractic Court says that the minimum standards of due process, minimum standards require administrative agency actions to go forward under a preponderance of evidence standard, because as they pointed out in a footnote, if you use less than a preponderance standard, a lower standard, it would be nonsensical because a conclusion would then likely- be more likely to be incorrect than correct. The Surrey clearly holds. It uses the word due process. Minimum standards of due process require, at a minimum, the standard of proof be preponderance. An employee should not lose their property interest and their employment protected by the 14th Amendment under a standard which allows for a conclusion which is more likely to be incorrect than correct. Were the retaliation issues litigated in the administrative proceedings? He raised the issue and argued it. However, state hearing officers under Chapter 284 have extremely limited jurisdiction. They are allowed to say, I find this is reasonable or unreasonable, and that's it. For example- Well, if it- They could not litigate with all that issue. That's correct. We'll simply- A couple more questions, then I'll finish the question. Certainly. That issue under Holcomb could be raised at the appellate- administrative appellate review stage, correct? That is correct. Now, was the opportunity to raise the issue at that stage mandatory or permissive? I believe it is permissive. Well, I don't care about permissiveness. Okay. I can't answer- What's the law? What's your best case? There is nothing in Nevada that says you must. Therefore, it's a Hobbesian choice. What does Holcomb say about that topic? Holcomb says that if you do avail yourself under the Administrative Procedures Act and do not prevail, then claim preclusion applies. But it doesn't say you must. It does not say you must. It does not speak to the permissive versus mandatory- Not as I read it. Is that an issue of first impression for us? I would say yes because, as I attempted to point out in my opening brief, the treatment afforded to hearing officer decisions under NRS 284.390 has been wildly inconsistent. There are some cases out in the public saying, if you go to a louder mill hearing, which is a pre-termination hearing, very informal, and go no further, claim preclusion applies. The cases are all over the place. It looks like, as a normal matter of claim preclusion, don't we say that you've had an opportunity to erase all claims arising out of a single set of facts and fail to do so, whether it's permissive or mandatory under state law? Then you're precluded from bringing them into second action. So long as the forum has jurisdiction to hear- Right. And your answer to Judge Azera was that the appellant,  would have had jurisdiction. But the state hearing officer wouldn't. But at the end of the day, we can look at issues of privity, jurisdiction. The simple approach is really one to recognize that the full and fair opportunity to litigate a requirement under Utah Construction for claim preclusion cannot be met when the state can deprive you in an administrative hearing under a standard less than more likely than not. Less likely than not. That is where the process violation occurs, and that's why claim preclusion cannot apply, and the opinion in Diaz v. Aliki cannot be circumvented. You're almost out of time. I would like to reserve my final 42 seconds. Okay. We'll hear from Mr. Jensen. May it please the Court, my name is Michael Jensen. I'm with the Office of the Attorney General in the state of Nevada. I represent the appellees in this case, Jerry Hafen, Chris Perry, and Tony Alvarez. Could we shift around the burden that we put on your opponent and ask you, with respect to the individual claims, the claims against your clients in their individual capacity, how can there be claim preclusion? Your Honor, I believe that all of the elements in the state of Nevada for claim preclusion, which this Court is supposed to apply, would apply to each of those individuals. So what about privity within the individual defendants? I would argue under Nevada law that privity is established in this case for each of those individual defendants.  What Nevada case says that an action, a previous action involving only the state or the individuals in their official capacity would cover this situation? Do you have any sense of that? I'm relying on the cases that analyze what privity is. Which looks to the identity of the interest. Those are general privity cases. Is there a case that says a state official is in privity with a state if the state was previously a party to an action? I'm not aware of a case that's directly on point on that issue. What I don't understand is Nevada administrative body would have jurisdiction to resolve these individual claims. Would they in the first instance? As a matter of first principles? What they have the authority to. Why don't we answer that question first and then amplify it. Does the state administrative body have jurisdiction to resolve claims against these officials in their individual capacity? Would the hearing officer at the administrative level have the authority to determine whether Mr. McClaw's termination was based on legal cause? So your answer to Judge Osiris' question is no. No, my answer is they have the authority, that judge had the authority after a full evidentiary hearing to look at whether or not that termination was appropriate under the law. But you're not talking about issues. We're talking about defendants. I'm talking about a retaliation point against these defendants in their individual capacities. It seems to me that that's uniquely a federal question on whatever constitutional basis it arises under and not one particularly directed to state administrative proceedings. But I could be wrong, and I'm listening, and I'd like to have you tell me about the law. Well, I believe the Hosmer case is pretty much on point on that particular issue because the Hosmer case from this circuit made a determination looking at the administrative proceeding that the actual constitutional claim against that particular individual, in that case, Ursula Holcomb, had the authority in her individual capacity. Pardon? Acting in her individual capacity. She was the employee who was terminated. She then sued the chief of the highway patrol at the time, and the court found, in that case, where that individual had sued the former chief of the highway patrol, that the individual, the employee, had the ability in that administrative proceeding to a fair and adequate opportunity to try that First Amendment retaliation claim. I just want to go back and challenge your assertion that the Holcomb v. Hosmer case decided the issue of privity with the employees because in footnote 2. . . Your Honor, I am not saying they decided the privity issue. Okay. In this case, I'm saying that they decided that, I think in answer to your question, that the actual constitutional claim, which she was claiming First Amendment retaliation, claiming that her husband's association with an employee association had led to her termination and not the reasons which the employer had provided, which was that she had, similar to this case, that she had engaged in a fraudulent issuance of a subpoena. And in the Holcomb case, that's what they decided. They decided that because she had the opportunity at that administrative hearing to raise the constitutional claim, that because she could then appeal that claim through judicial review, that she was cut off from being able to bring that claim again in a separate action. But in terms of the distinction between official capacity and individual capacity, which is what we've been discussing in part, I don't view that case as having decided the privity question under the federal law. I would agree they didn't go to that because it was conceded. It was conceded, exactly. Yeah, and there's a different question about Holcomb. Is Holcomb now good law after five star? I believe it still is. I thought the Nevada Supreme Court sort of said to us, you folks really don't understand Nevada law. And let us explain it in simple terms so that even a Ninth Circuit judge can understand it. After five star, does Holcomb still stand for the proposition that all claims are precluded? Yeah, I think at five star they kind of indicated that they had been a little confused in their decisions about claim preclusion and issue preclusion as well. I would submit to the court that the five star decision does not compel reversal of Hosmer. Let me explain why. Because in the Hosmer case, the one particular issue that was decided, the core issue in that case, was the issue I was just talking about, which was the constitutional issue, and whether or not that constitutional issue could be decided in the administrative proceeding and on judicial review. That core principle was based on an analysis that looked at the claim preclusion cases from the state of Nevada. So although the five star case clarified the elements and the language of what claim preclusion is, they did not use a different analysis when looking at whether there was a claim or not and what constitutes a claim. In fact, they used the same analysis that you'll find in five star and subsequent cases when it comes to determining whether there is a claim or not. In Nevada, the standard is, is that subsequent claim based on the same set of facts and the same alleged wrongful conduct. But even if it were, you'd still need privity. That is correct. And I recognize that they didn't deal with privity in that particular case. Is there any reason, therefore, for us to remand that question to the district court to make the privity determination in the first instance? I don't believe that that is necessary because this court has the authority to make a decision if there is law and evidence supporting privity in this case. And I would submit to the court that there's clear privity in this particular case. These individuals are being sued for the ultimate official action that they took as the decision makers. They were acting under the state of Nevada law as appointing authorities and both recommending and determining that termination was appropriate. And after the fact, in the administrative hearing, they supported that. So in Nevada, where you have to name the appointing authority as the entity in the personnel action, the reality is those three individuals were the entity. Do you know whether or not the plaintiff, who you call an officer or I call an officer, who sought anything more than injunctive relief, was the plaintiff in that case seeking damages? Our opinion doesn't make it clear. I don't know the answer to that, but I would be very surprised if the plaintiff wasn't seeking damages in that particular case. And could you address the differing burden of proof in the administrative proceeding than in the 1983 proceeding? Absolutely. I understand that Hosmer doesn't deal with that and therefore is good authority for your position. I think the law from this circuit supports the fact that differing burdens of proof don't defeat a claim preclusion claim. I thought that Diaz was right quite to the contrary. No, in fact, I think Diaz says in a claim preclusion case, there's a quote right from that case that says that shifts in the burden or persuasion or changes in the degree of persuasion require defeat in a preclusion claim. Defeat in the issue of preclusion. That case was about issue of preclusion. And the cases are consistent when it comes to claim preclusion that burden of proof does not make a difference. And I would say even in this case, if you wanted to, as Mr. Levine would ask, go and look at it in the sense of whether there was due process afforded to the individual, this particular individual, in this particular case, that burden of proof or standard of proof makes no difference because Mr. McClellan did not provide any evidence in support of a retaliation claim in that administrative proceeding. Whose burden was it in the administrative proceeding to show that the determination was appropriate? The initial burden was on the department. However, as the court pointed out in Hosmer, a defense of pretext could be raised in the administrative proceeding. And in that context, meaning that the individual could claim that they were being terminated for an improper purpose, an unconstitutional purpose, and because they had the authority to do that, that was available to them and that they were precluded from bringing it later on. Thank you, counsel. Thank you. Mr. Levine, you have a better time than I do. I'll make the best use of it, Your Honor. In the series, it is footnotes 7 and 8 where they held that preponderance is the minimum standard necessary under due process. Here, the license at issue could be no less deserving of due process than the one at issue in Nellis Motors because in that case, we approved the use of a minimum civil standard of proof. There is no lower standard. That's a direct quote. The property interest in Zimmer McClelland's employment is at least equal to the license at issue in the series and requires that preponderance be used in the administrative proceedings where due process is not met, even claim preclusion cannot apply, under Utah Construction and Mining. Thank you, counsel. The case has just started. It is submitted, and we appreciate very much the arguments from both counsels.
judges: Lucero, Graber, Hurwitz